Scott M. Grace S.B.N. 236621
Luftman, Heck & Associates, LLP
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
sgrace@lawlh.com
Phone: 619-346-4600
Fax:  619-923-3661

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BASSLER,<br><br>            Plaintiff,<br><br>     vs.<br><br>ASSET ACCEPTANCE, LLC,<br><br>            Defendant, | Case No.:  '15CV0429 DMS JLB<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.     This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, BRIAN BASSLER, (hereinafter PLAINTIFF) against ASSET ACCEPTANCE, LLC (Hereinafter DEFENDANT) for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq*. (hereinafter "Rosenthal Act") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to plaintiffs' counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

4. This action arises out of Defendant's repeated violations of the FDCPA under 15 U.S.C. §1692, *et seq*. and repeated violations of the California Rosenthal Act under California Code of Civil Procedure §1788, *et seq*.

5. Jurisdiction arises pursuant to 15 U.S.C. §1692(k)(d), and 28 U.S.C. §1367 for supplemental state claims.

6. As Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendant for purposes of this action.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## THE PARTIES

8. Plaintiff is a natural person residing in Reseda, California, and is a consumer within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that he is a natural person purportedly obligated to pay a credit card debt, allegedly owed to Asset Acceptance, LLC, (hereinafter "Debt") and a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h) of the California Rosenthal Act.

9. At all times relevant herein, Defendant was a company engaged, by use of the mails and/or telephone in the business of collecting debts, as defined by 15 U.S.C. §1692a(5) of the FDCPA, and consumer debts as defined by Cal. Civ. Code §1788.2(f) of the Rosenthal Act.

10. Defendant regularly attempts to collect debts alleged to be due another and is therefore a debt collector within the meaning of 15 U.S.C. §1692a(6) of the FDCPA and Cal. Civ. Code §1788.2(c) of the Rosenthal Act.

## FACTUAL ALLEGATIONS

11. Prior to January 22, 2010, Plaintiff allegedly became delinquent in the payment on a debt allegedly owed to Bank of America.

12. Prior to July, 2012, the alleged debt was assigned, placed, or otherwise transferred to Defendant for collection.

13. Defendant filed a complaint against Plaintiff on November 19, 2012 in the county of Los Angeles Superior Court, Case No. 12E11298. (Exhibit 1)

14. On or about December 11, 2012, Plaintiff hired the Law Firm of Luftman, Heck & Associates, LLP (hereinafter "Luftman, Heck & Associates") to represent him with respect to the alleged Debt.

15. On or about December 11, 2012, Plaintiff's counsel, Luftman, Heck & Associates, LLP, filed an Answer in Case No. 12E11298 and served a copy of the answer and a Notice of Representation upon Defendant's counsel: Fulton, Friedman & Gullace, LLP, 2151 Salvio Street, Suite W, Concord, CA 94520. (Exhibit 2)

16. On March 29, 2013, attorneys for Plaintiff and Defendant were both mailed a Notice of Reassignment of Cases from the Los Angeles Superior Court in Case No. 12E11298, which reassigned the case from the Van Nuys Division of the Los Angeles County Superior Court to the Chatsworth Division of the Los Angeles County Superior Court. (Exhibit 3)

17. On or about April 30, 2013, Plaintiff filed a Case Management Statement in Case No. 12E11298 and served the Case Management Statement on Defendant's counsel, Luftman, Heck & Associates, at counsel's regular business address located at 2151 Salvio Street, Suite W, Concord, Ca 94520. (Exhibit 4)

18. On or about May 11, 2013, Defendant filed a Case Management Statement in Case No. 12E11298 and served said Case Management Statement on Plaintiff's

counsel, Luftman, Heck & Associates at counsel's regular business address located at 1958 Sunset Cliffs Blvd, San Diego, CA 92107. (Exhibit 5)

19.     On or about June 11, 2013, Plaintiff's Counsel, Luftman, Heck & Associates, served a Discovery Request upon Defendant's counsel by mailing said Discovery Request to: Fulton, Friedman & Gullace, LLP, 2151 Salvio Street, Suite W, Concord, CA 94520. (Exhibit 6)

20.     On or about September 6, 2013, the clerk of court issued a Clerk's Notice of Trial, which was served on counsel for Plaintiff and Defendant. (Exhibit 7)

21.     On or about October 16, 2013, Defendant filed a Request for Dismissal of Case No.12E11298, and served said Request for Dismissal to Plaintiff's Counsel. (Exhibit 8)

22.     On October 21, 2013, the Court entered a Dismissal Without Prejudice-Entire Action in Case No. 12E11298, and all future hearings were deleted.

23.     Despite having knowledge that Plaintiff was represented by counsel, and despite the fact that Defendant never received permission from Plaintiff's counsel to contact Plaintiff, Defendant thereafter began to contact Defendant regarding the alleged account on or about February 1, 2014.

24.     On or about February 1, 2014, Defendant mailed a Collection Letter/Settlement Offer letter directly to Defendant at his home address. (Exhibit 9)

25.     On February 3, 2014, Defendant called Plaintiff at his home address, and continued to call Defendant repeatedly, often several times a day, from February 3, 2014-April 2, 2014. During this period of time, Defendant called Plaintiff at least 23 times, despite knowing that Plaintiff was represented by Luftman, Heck & Associates, LLP, and without permission to contact Defendant.

26.     On or about March 1, 2014, Defendant sent another Collection Letter/Settlement Offer letter directly to Defendant at his home address. (Exhibit 10)

27.     Defendant knew or could readily ascertain Plaintiff's attorney's name and address, and in fact had knowledge of Plaintiff's attorney's name and address, as

evidenced by the repeated communications between Plaintiff's counsel and Defendant's counsel.

28. At all times herein, Defendant was attempting to collect, from Plaintiff, a debt as defined by 15 U.S.C. §1692a (5) of the FDCPA and a consumer debt as defined by 15 U.S.C. §1788.2(f) of the Rosenthal Act.

29. Defendants knew that Plaintiff was represented by counsel when they sent the collection notices in Exhibit 7 and Exhibit 8 to Plaintiff, and when Defendant made the impermissible phone calls to Plaintiff between the dates of February 3, 2014 – April 2, 2014.

30. Defendant knew or could readily ascertain that Plaintiff's counsel had not consented to a direct communication with Plaintiff.

## FIRST CLAIM FOR RELEIF
### (Violations of the FDCPA)

31. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

32. Defendants violated the FDCPA. The violations include, but are not limited to, the following:

(1) communicating with the consumer by means of the above mentioned notices and/or phone calls while knowing Defendant was represented by counsel in violation of 15 U.S.C. §1692c(a)(2) of the FDCPA;

33. As a result of the Defendant's actions, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs of this action.

## SECOND CLAIM FOR RELEIF
### (Claim for violations of the Rosenthal Act)

34. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

35. Defendant's acts and omissions violated the Rosenthal Act including, but not limited to Cal. Civ. Code §1788.17. Defendant's violations of Cal. Civ. Code §1788.17 of the Rosenthal Act (which incorporates several of the provisions of the FDCPA) include, but are not limited to those enumerated in paragraph 32 above.

36. Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Cal. Civ. Code §1788.30(b) of the Rosenthal Act.

37. As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages, statutory damages, reasonable attorney's fees and costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and pray for the following relief:

1. An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) of the FDCPA against Defendants and each of them;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) of the FDCPA against Defendant;

3. An award of actual damages pursuant to Cal. Civ. Code §1788.30(a) of the Rosenthal Act, against Defendant;

4. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b) of the Rosenthal Act against Defendant.

5. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k (a) (3) of the FDCPA against Defendant and Cal. Civ. Code §1788.30(c) of the Rosenthal Act, against Defendant.

6. Such other and further relief this court may deem just and proper.

# **TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated February 25, 2015

Luftman, Heck and Associates
By s/ Scott M. Grace
Attorney for Plaintiff
Email: sgrace@lawlh.com